# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY PROJECT, 1612 K. St. NW, Suite #1100 Washington DC, 20006 | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, OFFICE OF GENERAL COUNSEL UNITED STATES DEPARTMENT OF HOMELAND SECURITY WASHINGTON, DC, 20528 | ) ) ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff GOVERNMENT ACCOUNTABILITY PROJECT brings this suit to overturn Defendant UNITED STATES DEPARTMENT OF HOMELAND SECURITY's refusal, in violation of the Freedom of Information Act, to produce records in a timely manner relating to correspondence between White House staff and DHS concerning ideological tests at the U.S. border and records related to search protocols for citizens and non-citizens at the U.S. border.

## INTRODUCTION

1. Pursuant to the fundamental philosophy of the American constitutional form of government, it is the public policy of the United States to foster democracy and allow any person to obtain copies of the records of agencies for any public or private purpose consistent with the terms of the federal Freedom of Information Act, 5 U.S.C. § 552.

## PARTIES

2. Plaintiff GOVERNMENT ACCOUNTABILITY PROJECT is a non-profit organization serving the public by protecting government and corporate whistleblowers who expose wrongdoing.

3. Defendant UNITED STATES DEPARTMENT OF HOMELAND SECURITY is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(6)(c)(i) and presents a federal question conferring jurisdiction on this Court.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because a plaintiff may always bring a federal FOIA suit in the U.S. District Court for the District of Columbia.

## GAP'S FOIA REQUEST

6. On April 4, 2017, GAP requested from DHS all non-exempt "correspondence between White House staff and the DHS concerning ideological tests at the U.S. border," as well as "all correspondence concerning searches of cellphones, the protocols, information about who was searched (with identifying information redacted), search rates, protocols if a search is refused, etc., for citizens and non-citizens, at the U.S. border." GAP also requested "any records generated in connection with topics listed above that raised or were responding to compliance of 5 U.S.C. § 2302(b)(8)." A true and correct copy of the request is attached as Exhibit A.

7. On April 6, 2017, DHS acknowledged receipt of GAP's request and invoked a 10-day extension pursuant to the FOIA statute. A true and correct copy of the response is attached as Exhibit B.

8. As of the date of filing, over five months have passed since DHS invoked a 10-day extension and DHS has failed to produce any records or follow-up with GAP in any way.

### COUNT I – VIOLATION OF FOIA

9. The above paragraphs are incorporated by reference.

10. Defendant DHS is an agency subject to FOIA.

11. The requested records are not exempt under FOIA.

12. Defendant DHS has refused to produce the requested records in a timely manner.

**WHEREFORE**, GAP asks that the Court:

  i. declare that DHS has violated FOIA;

  ii. order DHS to conduct a reasonable search for records and to produce the requested records;

  iii. enjoin DHS from withholding non-exempt public records under FOIA;

  iv. award Plaintiff reasonable attorney's fees and costs;

  v. award such other relief the Court considers appropriate.


RESPECTFULLY SUBMITTED,

*/s/ Joshua Hart Burday*

_____

Attorneys for Plaintiff
GOVERNMENT ACCOUNTABILITY PROJECT

Matthew Topic
Joshua Burday
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com
Atty. No. 41295