## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GOVERNMENT ACCOUNTABILITY PROJECT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-CV-2518 (CRC) |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## DEFENDANT U.S. DEPARTMENT OF HOMELAND SECURITY'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendant, United States Department of Homeland Security, by and through undersigned counsel, respectfully moves the Court to enter summary judgment in its favor in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, because there is no genuine issue as to any material fact, and Defendant is entitled to judgment as a matter of law. In support of this motion, Defendant respectfully refers the Court to the accompanying memorandum of points and authorities, statement of material facts as to which there is no genuine issue, and accompanying declaration. A proposed Order consistent with this motion is also attached hereto.

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By: _____/s/_____
JEREMY S. SIMON, D.C. BAR #447956

Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GOVERNMENT ACCOUNTABILITY PROJECT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-CV-2518 (CRC) |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

### DEFENDANT U.S. DEPARTMENT OF HOMELAN SECURITY'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to Local Civil Rule 7(h)(1), Defendant United States Department of Homeland Security ("DHS") hereby submits the following Statement of Material Facts as to Which There Is No Genuine Dispute in Support of Defendant's Motion for Summary Judgment in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

1.      By letter dated April 4, 2017, plaintiff submitted a FOIA request to DHS for all non-exempt "correspondence between White House staff and the DHS concerning ideological tests at the U.S. border" and "all correspondence concerning searches of cellphones, the protocols, information about who was searched (with identifying information redacted), search rates protocols if a search is refused, etc., for citizens and non-citizens at the U.S. border." Plaintiff also asked for "any records generated in connection with topics listed above that raised or were responding to compliance of 5 U.S.C. § 2302(b)(8)." (Declaration of James V.M.L. Holzer ¶ 8 ("Holzer Decl."))

2.      DHS conducted a search reasonably likely to locate all documents responsive to the FOIA request.  (Holzer Decl ¶¶ 10-17.)

3.      After reviewing the potentially responsive documents identified through its search, DHS determined that none of those documents were actually responsive to the request. (Holzer Decl. ¶ 17.)

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By: ____/s/_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GOVERNMENT ACCOUNTABILITY PROJECT, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-CV-2518 (CRC) |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEPARTMENT OF HOMELAND SECURITY'S MOTION FOR SUMMARY JUDGMENT

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and pertains to the request of Plaintiff, Government Accountability Project ("GAP"), for records maintained by the United States Department of Homeland Security ("DHS").

As set forth below, the DHS has conducted a reasonable search of agency records, and has not withheld any responsive records. Thus, there is no genuine issue as to any material fact, and Defendant is entitled to judgment as a matter of law.

## STATEMENT OF FACTS

Defendant hereby incorporates the Statement of Material Facts Not in Genuine Dispute ("SOF"), and the declaration referenced therein, filed contemporaneously with this Memorandum.

## ARGUMENT

## I. LEGAL STANDARDS

Summary judgment is appropriate when the pleadings and evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.*

The "vast majority" of FOIA cases are decided on motions for summary judgment. *See Media Research Ctr. v. U.S. Dep't of Justice*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment."); *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Labor*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) ("*CREW*"). To meet its burden, a defendant may rely on reasonably detailed and non-conclusory declarations. *See McGehee v. C.I.A.*, 697 F.2d 1095, 1102 (D.C. Cir. 1983); *Media Research Ctr.*, 818 F. Supp. 2d at 137. The Court may award summary judgment solely on the basis of information provided in declarations when the declarations describe with reasonably specific detail the efforts of the agency and are not controverted by either contrary evidence in the record or by evidence of agency bad faith.

*CREW*, 478 F. Supp. 2d at 80 (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)).

Accordingly, summary judgment is appropriate in a FOIA action, such as this one, where the pleadings, together with the declarations, demonstrate that there are no material facts in dispute and the agency, as the moving party, is entitled to judgment as a matter of law. Fed. R Civ. P. 56(a); *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Fischer v. U.S. Dep't of Justice*, 596 F. Supp. 2d 34, 42 (D.D.C. 2009) ("summary judgment may be granted to the government if 'the agency proves that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester'") (citation omitted).

## II. THE DHS CONDUCTED ADEQUATE SEARCHES OF ITS RECORD SYSTEMS

In responding to a FOIA request, an agency must conduct a reasonable search for responsive records. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1352 (D.C. Cir. 1983). An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. *Oglesby*, 920 F.2d at 68. "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Fischer*, 596 F. Supp. 2d at 42 (quoting *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (internal citation and quotation marks omitted)).

"[T]he search need only be reasonable; it does not have to be exhaustive." *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985) (citing *Nat'l Cable Television Ass'n v. FCC*, 479 F.2d 183, 186 (D.C. Cir. 1973)). The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby*, 920 F.2d at 68; *see also*

*SafeCard Servs, Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991). "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." *Miller*, 779 F.2d at 1383; *Goland v. CIA,* 607 F.2d 339, 352 (D.C. Cir. 1978).

Although the agency has the burden of proof on the adequacy of its search, the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (quoting *SafeCard Services*, 926 F.2d at 1200). Thus, once the agency has met its burden regarding the adequacy of its search, the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. *Miller*, 779 F.2d at 1383. A requester may not rebut agency affidavits with purely speculative allegations. *See Carney*, 19 F.3d at 813; *Maynard v. CIA*, 986 F.2d 547, 559-60 (1st Cir. 1993). As discussed below, the DHS met the reasonableness standard in conducting its search for records concerning Plaintiff, did not locate any responsive records, and is therefore entitled to summary judgment.

As set forth in the accompanying declaration, DHS conducted a search reasonably calculated to locate all responsive records using methods which can be reasonably expected to produce the information requested, if it in fact existed.   Based on that search, DHS has conducted a search of all locations that are likely to yield documents responsive to Plaintiff's FOIA request.

Because Plaintiff's request concerned immigration policy, the request initially was forwarded to the DHS Office of Policy ("PLCY") as the office within DHS likely to have responsive records, if any were to exist. (Holzer Decl ¶ 10).   PLCY conducted a search of its records and informed PRIV that it found no responsive documents. (*Id.*)

4

Following that search, DHS conducted a broader search of the agency's email system with the assistance of the Office of the Chief Information Officer ("OCIO"). (*Id*. ¶ 12).  OCIO searched all emails between DHS and the Executive Office of the President ("EOP") using the keywords/filters "ideological test" and "border," and, in the second search, using the keywords/filters "search" and "cellphone." (*Id.* ¶ 13-14). OCIO ran these terms through all electronic records maintained or transferred through the agency's entire email system such that all emails between DHS email addresses and email addresses ending in "eop.gov" were encompassed within the search. (*Id.* ¶ 15).  In this way, DHS sought to capture any emails with these key words sent or received between DHS and White House staff  working in the Executive Office of the President.

This search identified 807 potentially responsive documents. (*Id.* ¶ 16). After conducting a document-by-document review, DHS determined that none of the documents were responsive to Plaintiff's request. (*Id*. ¶ 17).  Thus, the DHS's search for records was adequate. *See National Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 894 n. 7 (D.C. Cir. 1995); *Miller*, 779 F.2d at 1383 ("the search need only be reasonable; it does not have to be exhaustive." (citing *Nat'l Cable Televisions Ass'n*, 479 F.2d at 186), and the motion for summary judgment should be granted.

## CONCLUSION

For the foregoing reasons, Defendant requests entry of summary judgment in its favor.

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By: _____/s/_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov